IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES AUGUSTA SAVAGE,<br><br>            **Plaintiff,**<br><br>v.<br><br>RONALD MCCLELLAN,<br><br>            **Defendant.** | Case No. 24-cv-01107-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff James Savage commenced this civil action while he was incarcerated at St. Clair County Jail pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred on May 14, 2023, prior to his arrest. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Plaintiff alleges that on May 14, 2023, he was about to enter Mobil Gas Station in East St. Louis, Illinois, when Defendant Ronald McClellan, a police officer, approached him. (Doc. 1, p. 2). McClellan stopped Plaintiff and asked him, "Who do you think you are to tell these people how to run their gas station[?]" Plaintiff replied, "I am not trying to tell them how to run their gas station; I [am] telling them how to be good guest[s] in our neighborhood and community." (*Id.*). McClellan asked Plaintiff twice for an identification card, and Plaintiff refused both requests. (*Id.* at p. 2-3). McClellan asked a third time for Plaintiff's identification card and then, without

warning, sprayed Plaintiff in the face and neck with pepper spray. (*Id.* at p. 3). Plaintiff "retreated" to his family's home, and McClellan did not pursue or "call the incident in to his commanding officer." (*Id.*).

## DISCUSSION

Based on Plaintiff's allegations and his articulation of his claims, the Court designates the following count:

**Count 1:**   Fourth Amendment [1] claim against McClellan for the use of excessive force against Plaintiff on May 14, 2023.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading standard.**

Plaintiff asserts that the use of pepper spray by McClellan amounted to excessive force. During his interaction with McClellan he was not committing a crime or acting in a combative manner. (Doc. 1, p. 4). At this point in time, Plaintiff has sufficiently stated a claim under the Fourth Amendment, and Count 1 will proceed against McClellan. *See Gonzalez v. City of Elgin,* 578 F. 3d 526, 539 (7th Cir. 2009) (discussing the Fourth Amendment's reasonableness standard).

## MOTIONS FOR SUMMONS

Along with the Complaint, Plaintiff has filed a self-created summons form. (Doc. 3). To the extent Plaintiff is requesting the Court to conduct service on his behalf, the motion is **DENIED as moot.** Plaintiff is proceeding *in forma pauperis* in this matter, and therefore, the Court is

---

[1] Plaintiff brings his claim of excessive force under the Eighth Amendment. (Doc. 1, p. 4). The Court, however, applies the Fourth Amendment and its standard to his claim because he was not convicted at the time of his interactions with McClellan. *See Richman v. Sheahan,* 512 F. 3d 876, 882-83 (7th Cir. 2008) (discussing how the Fourth Amendment applies to excessive force claims before conviction, and the Eighth Amendment applies after conviction).
[2] *Bell Atlantic Corp. v Twombly,* 550 U.S. 544, 570 (2007).

obligated to conduct service on Defendant.

### DISPOSITION

For the reasons set forth above, the Complaint (Doc. 1) survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Ronald McClellan.

The Clerk of Court shall prepare for McClellan the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint and this Memorandum and Order to Defendant's place of employment. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant only needs to respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   July 17, 2024**

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.